IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BLAIN BRIGANCE                                                                 PLAINTIFF

v.                                    CIVIL NO. 07-2084

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Blain Brigance brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on December 30, 2004, alleging an inability to work since June 24, 2004, due to chronic right foot/ankle pain and left leg pain secondary to multiple fractures sustained in a motor vehicle accident. (Tr. 40-43). An administrative hearing was held on August 25, 2006. (Tr. 422-455). Plaintiff was present and represented by counsel.

By written decision dated December 13, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 12). However, after reviewing

all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a wide range of sedentary exertional work activity. (Tr. 15). More specifically, the ALJ found plaintiff could lift and/or carry five pounds frequently, ten pounds occasionally; to stand/walk for six hours out of an eight-hour workday; to sit for two hours out of an eight-hour workday; and to occasionally stoop and crouch. (Tr. 15). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a telephone solicitor, a switchboard operator, a cafeteria cashier and an assembly worker. (Tr. 17).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on June 28, 2007. (Tr. 3-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation.[1] (Doc. # 3,4).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

---

[1] Plaintiff's counsel indicates that the additional medical evidence submitted to the court was also submitted to the Appeals Council. (Doc. # 3). However, a review of the Appeals Council's June 28, 2007, letter does not clearly indicate that the actual medical evidence was submitted and reviewed by the Appeals Council prior to the decision not to review the ALJ's decision. (Tr. 3-4A). Plaintiff's brief notes a Motion for New Evidence was attached but a review of the docket reveals no motion was filed. (Doc. #3 p.4). Since a proper motion for new evidence was not submitted and the evidence attached to the brief is dated after the ALJ's decision the court will not address this evidence.

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion:**

After reviewing the record, the undersigned is particularly trouble by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically

a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In making the RFC determination, the ALJ appears to be relying on the RFC assessments completed by non-examining medical consultants on March 23, 2005, and May 17, 2005, respectively. (Tr. 383-391). *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

A review of the medical records indicate plaintiff sustained injuries from a motor vehicle accident on June 24, 2004. (Tr. 123-329). Plaintiff was admitted into the University Hospital of Arkansas due to a fracture of his left femur, fracture of his right ankle, fracture of his left acetabulum. (Tr. 123). Plaintiff underwent surgical repair of his left femur and right talar body fracture and dislocation on June 25, 2004. (Tr. 132). Plaintiff underwent surgical repair of his left acetabulum and right talus on July 2, 2004. (Tr. 128). On July 14, 2004, plaintiff complained of facial weakness and was diagnosed with Guillian-Barre Syndrome on July 17, 2008. (Tr. 125, 245). Plaintiff underwent five plasmapheresis treatments and felt stronger after each treatment. Plaintiff developed a staph infection on June 29, 2004, which improved with medication. Plaintiff was transferred to St. Vincent's Rehabilitation on July 7, 2004. After being discharged, progress notes reveal plaintiff continued to seek treatment for problems resulting from these injuries, particularly problems with his right ankle. (Tr. 330, 340-341, 335, 366, 381, 410-413, 415). On July 21, 2006, after examining plaintiff and reviewing x-rays, Dr. Tom E. Cheyne, with River Valley Orthopedics, diagnosed plaintiff with degenerative arthritis secondary to the old

AO72A
(Rev. 8/82)

fracture involving the subtalar joint.[2] (Tr. 416). Dr. Cheyne recommended plaintiff use a cane to minimize his weight bearing. (Tr. 416).

The ALJ noted Dr. Cheyne's recommendation that plaintiff use a cane but did not address this recommendation when he determined plaintiff's RFC. This medical evidence was not before the non-examining medical consultants when they completed the RFC assessments. Defendant argues that Dr. Cheyne's recommendation that plaintiff use a cane to minimize weight bearing on his right ankle is inconsistent with the evidence of plaintiff's activities of daily living. Specifically, defendant states plaintiff testified at the hearing that he was able to lift a gallon of milk from the table to the refrigerator, to go on shopping trips to Fort Smith and to drive which were all activities inconsistent with Dr. Cheyne's recommendation.

A review of the hearing testimony reveals, plaintiff testified that he did not drive often because of the pressure exerted on his right ankle, that he could put a gallon of milk in the refrigerator from the table but could not repeat this process frequently and that he could go shopping in Fort Smith for groceries. (Tr. 436-437). Dr. Cheyne said plaintiff should limit weight bearing with the use of the cane not that plaintiff was unable to put any weight on his ankle. We would point out plaintiff's use of a cane would also result in some limitation in carrying, lifting, pushing and pulling because one upper extremity would be used to hold the cane.

It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and we believe that remand is necessary to allow the ALJ to fully and fairly

---

[2] We note Dr. Cheyne's progress notes mention plaintiff's left ankle with regard to the physical examination; however, plaintiff complained of right ankle pain and the x-ray was of plaintiff's right ankle. (Tr. 416-417).

develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff – including, Dr. Cheyne and Dr. John P. Agent-- asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Specifically, the ALJ should request plaintiff's use of a cane be addressed by the above physicians. The ALJ may also order a consultative orthopedic exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. § 404.1517.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of May 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE